**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICHLAND COUNTY CHILDREN'S SERVICES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. _____ |
| PURDUE PHARMA L.P.; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY INC.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC F/K/A ACTAVIS PLC; ACTAVIS, INC. F/K/A WATSON PHARMACEUTICALS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC.; ENDO HEALTH SOLUTIONS INC.; MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; RUSSELL PORTENOY; PERRY FINE; SCOTT FISHMAN; and LYNN WEBSTER, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Action Filed: September 12, 2017 Action Served: September 19, 2017 |
| Defendants. | ) ) | |

## THE PURDUE DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendants Purdue Pharma L.P.,

Purdue Pharma Inc., and The Purdue Frederick Company Inc. (together "Purdue"), by their

undersigned attorneys, hereby give notice of removal of this action, captioned *Richland County*

*Children's Services v. Purdue Pharma L.P. et al.*, bearing civil action number 2017 CV 662,

from the Court of Common Pleas for Richland County, Ohio to the United States District Court for the Northern District of Ohio.   As grounds for removal, Purdue states as follows:

## BACKGROUND

1.      This putative class action was filed on September 12, 2017 in the Court of Common Pleas for Richland County, Ohio.   Compl., Ex. 1.   Plaintiff, Richland County Children's Services ("Richland County"), seeks recovery on behalf of itself and multiple other county agencies within each of Ohio's 88 counties "who have expended federal, state and local funds on medical, social services, foster care, and adoptive services on behalf of children throughout the state of Ohio as a result of the opioid epidemic."   *Id*. ¶ 55 at 22.[1]   In particular, Plaintiff seeks recourse for every "Ohio County Department of Job and Family Services and Ohio County Children's Services Boards" in Ohio's 88 counties.   *Id.*   Plaintiff seeks such relief against multiple defendants, including Purdue and other prescription opioid manufacturers (together, the "Manufacturer Defendants");[2] prescription opioid distributors McKesson Corporation ("McKesson"), Cardinal Health, Inc. ("Cardinal"), and Amerisourcebergen Corporation ("Amerisourcebergen") (together, the "Distributor Defendants"); and physicians Dr. Russell Portenoy, Dr. Perry Fine, Dr. Scott Fishman, and Dr. Lynn Webster (together, the

---

[1] The allegations in Plaintiff's Complaint are incorrectly numbered in certain sections, causing some paragraph numbers to appear twice.   To aid in the Court's review, this Notice cites page numbers when referencing such duplicative paragraph numbers.

[2] The Manufacturer Defendants include Purdue, Teva Pharmaceuticals USA, Inc. ("Teva"), Cephalon, Inc. ("Cephalon"), Johnson & Johnson ("J&J"), Janssen Pharmaceuticals, Inc., and its predecessors Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc. ("Janssen"), Endo Pharmaceuticals, Inc. and Endo Health Solutions Inc. ("Endo"), Allergan PLC f/k/a Actavis PLC, Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.

"Physician Defendants").[3]

2.      At base, Plaintiff alleges that the Manufacturer Defendants misrepresented the risks and benefits of FDA-approved prescription opioid medications in marketing and promotional materials.  *See*, *e.g.*, Compl. ¶¶ 28-35, 192-221, 227-236.  Plaintiff alleges that because of these misrepresentations—many of which purportedly occurred more than a decade ago—Ohio physicians prescribed opioid medications to patients when it was medically unnecessary.  *Id.* ¶¶ 68-69, at 21.  Plaintiff claims that these allegedly improper prescriptions somehow caused Plaintiff and similarly situated Ohio county agencies to incur a range of opioid-related costs, including "increased child placement costs, investigation costs, health care costs, criminal justice and victimization costs, social costs, and lost productivity costs."  *Id.* ¶ 69.

3.      By contrast, Plaintiff alleges that the Distributor Defendants breached their duty to "prevent or reduce the distribution of [opioids]" or to notice and report "suspicious or alarming orders of opioid pharmaceuticals . . . to the proper authorities and governing bodies," as required by "Ohio State Board of Pharmacy rules, codes and regulations."  *Id.* ¶¶ 115, 119, 140.

4.      Although the vast majority of the alleged conduct underlying all of its claims involves only the Manufacturer Defendants, Plaintiff asserts five causes of action against "all Defendants": (1) unfair consumer sales practices under chapter 1345 of the Ohio revised code;

---

[3]      On September 25, 2017, governmental plaintiffs in 46 opioid-related lawsuits currently pending in federal courts across the county filed a motion to transfer all opioid-related lawsuits (like this one) brought by government entities to an MDL for coordinated pretrial proceedings.  *See* Brief in Support of Motion to Transfer, *In Re: National Prescription Opioid Litigation*, MDL No. 2804 (J.P.M.L. 2017), ECF No. 1.  Specifically, the movants "seek the transfer and assignment of all actions currently filed by governmental entities, including cities and counties[,] against companies in the chain of manufacture and/or distribution of prescription opioid painkillers . . . , as well as any actions subsequently filed involving similar facts or claims by governmental entities."  *Id.* at 1.  Defendant's response to the plaintiffs' motion is due on October 20, 2017.

(2) deceptive trade practices under chapter 4165 of the Ohio revised code; (3) nuisance and product liability; (4) fraud; and (5) unjust enrichment.  *Id.* ¶¶ 711-748.   In addition, the Complaint asserts a negligence claim solely against the Distributor Defendants.   *Id.* ¶¶ 749-763.

5.     None of the Manufacturer Defendants or Physician Defendants are citizens of Ohio.   *Id.* ¶¶ 71, 75-76, 82, 86, 89, 143-146.   Only one of the three Distributor Defendants, Cardinal, is an Ohio citizen.   *Id.* ¶ 98.[4]

6.     As set forth below, this putative class action is properly removable to federal court under the Class Action Fairness Act ("CAFA") because the parties are minimally diverse and the aggregate amount in controversy for the putative class exceeds $5 million.

7.     In addition, this Court independently has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and all properly joined Defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## I.     REMOVAL IS PROPER UNDER CAFA

8.     This Court has original jurisdiction over this case pursuant to CAFA.   Under 28 U.S.C. § 1332(d), "district courts shall have original jurisdiction of any civil action in which [1] the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and [2] [the case] is a class action [3] in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."   Each requirement is satisfied here.

### A.     This Case Is a Putative Class Action

9.     Plaintiff brings "this action on behalf of themselves [sic] and all others similarly situated, as members of the proposed Classes, under [Ohio] Civil Rule 23" seeking to certify a

---

[4]  McKesson and Amerisourcebergen are citizens of states other than Ohio. Compl. ¶¶ 91, 103.

class of Ohio county agencies that allegedly expended resources associated with providing various opioid-related medical, public safety, and social services.  Compl. ¶ 54 at 22.  Ohio Civil Rule 23 is "virtually identical to" Rule 23 of the Federal Rules of Civil Procedure. *Schmidt v. Avco Corp.*, 472 N.E.2d 721, 724 (Ohio Ct. App), *aff'd*, 473 N.E.2d 822 (Ohio 1984).

10.     Thus, this action meets the definition of class action under CAFA because it is a "class action" brought pursuant to a "State statute or rule of judicial procedure authorizing an action to be bought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

**B.     CAFA'S Minimal Diversity Requirement Is Satisfied**

11.     To determine whether minimal diversity exists, the citizenship of all class members, both named and unnamed, is considered.  28 U.S.C. § 1332(d)(1)(D).  Plaintiff is based in Mansfield, Ohio, (Comp. Caption), and is thus an Ohio citizen for purposes of diversity jurisdiction.  *See Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973) ("[A] political subdivision of a State . . . is a citizen of the State for diversity purposes.") (citation omitted); *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (city and school district are citizens of the state in which they are situated); *Moore v. Child Support Enf't Agency*, 2014 WL 6389460, at *2 (N.D. Ohio Nov. 10, 2014) (observing that a Cuyahoga County agency was a citizen of Ohio for diversity purposes).

12.     For purposes of minimal diversity jurisdiction, a corporation is a citizen of both the state of incorporation and where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A partnership is a citizen of the state where it has its principal place of business and the state under whose laws it is organized.   28 U.S.C. § 1332(d)(10).

5

13.     Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware with its principal place of business in Stamford, Connecticut.   Purdue Pharma Inc. is a New York corporation with its principal place of business in Stamford, Connecticut.   The Purdue Frederick Company is a Delaware corporation with its principal place of business in Stamford, Connecticut.   Thus, none of the Purdue Defendants is a citizen of Ohio for purposes of diversity jurisdiction.   The same is true as to all other Manufacturer Defendants, all Physician Defendants, and all but one of the Distributor Defendants, as discussed further below.

14.     Accordingly, Plaintiff, an Ohio citizen, is diverse from at least one Defendant, satisfying CAFA's minimal diversity requirement.   28 U.S.C. § 1332(d)(2)(A).

### C.     CAFA's Amount in Controversy Requirement Is Satisfied

15.     CAFA's requirement that the amount in controversy exceed $5,000,000 in the aggregate for the class is also satisfied.   28 U.S.C. § 1332(d).   "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."   *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

16.     Here, Plaintiff seeks recovery on behalf of at least 100 county agencies that "have expended federal, state and local funds" on opioid-related "medical, social services, child services, foster care, and adoptive services" for an unspecified period.   Compl. ¶ 55, 57 at 22. For example, the Complaint alleges that, in 2016 alone, the Ohio Department of Job and Family Services spent approximately $138 million on foster children placement costs for "substance abuse-related cases."   *Id*. ¶ 8.   Plaintiff further alleges that it "spend[s] millions of dollars" each year as a result of Defendants' allegedly improper marketing, *id*. ¶ 69, and that "the aggregate damages sustained by the [putative] Classes are likely in the millions of dollars."   *Id*.

¶ 47 at 24.   These allegations, along with Plaintiff's request for compensatory damages, treble damages, penalties, and punitive damages, make plain that the amount in controversy far exceeds $5,000,000.

17.      Accordingly, the amount in controversy requirement is satisfied.[5]

## II.      REMOVAL IS ALSO PROPER UNDER § 1332(a)

### A. The Amount in Controversy Exceeds $75,000 and There Is Complete Diversity Between Plaintiff and All Properly Joined Defendants

18.      Independent from jurisdiction under CAFA, removal is also appropriate pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and all properly joined Defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs.

19.      The amount in controversy requirement is easily met: the Complaint alleges that "the aggregate damages sustained by the [proposed] Classes are likely in the millions of dollars." Compl. ¶ 47 at 24.   Thus, the amount in controversy plainly exceeds $75,000, exclusive of costs and interests.

20.      There is also complete diversity between Plaintiff and all properly joined Defendants.   As discussed above, Plaintiff is an Ohio citizen for purposes of diversity jurisdiction.   *Supra* ¶ 11.   In contrast, none of the Manufacturer Defendants are Ohio citizens. For purposes of diversity jurisdiction, a partnership is a citizen of every state in which its partners are citizens.   *See Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016); *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010).

_____

[5]   The inquiry at this stage concerns only the amount of damages *requested* by the Plaintiff.   Purdue need not, and does not, concede that Plaintiff is entitled to recover any damages.   *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 945 (8th Cir. 2012) (stating in CAFA case that "[t]he removing party need not confess liability in order to show that the controversy exceeds the threshold.") (internal quotation marks omitted).

a.      Each Purdue Defendant is a citizen of states other than Ohio.   *Supra* ¶ 13.

b.      Teva is a corporation organized under the laws of Delaware with its principal place of business in North Wales, Pennsylvania.    Compl. ¶ 75.

c.      Cephalon is a corporation organized under the laws of Delaware with its principal place of business in Frazer, Pennsylvania. *Id.* ¶ 76.

d.      J&J is a corporation organized under the laws of New Jersey with its principal place of business in New Brunswick, New Jersey. *Id.* ¶ 82.

e.      Janssen is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.    *Id.*

f.      Each Endo Defendant is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.    *Id.* ¶ 86.

g.      Allergan plc f/k/a Actavis plc is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland.    *Id.* ¶ 89.

h.      Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. is now known as Allergan Finance LLC, a Nevada limited liability company.    Its sole member is Allergen W.C. Holding Inc. f/k/a Actavis W.C. Holding Inc., a Delaware corporation with its principal place of business in Parsippany, New Jersey.    *Id.*

i.      Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware. Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a Nevada corporation with its principal place of business in Corona, California.    *Id.*

j.      Watson Laboratories, Inc. is a Nevada corporation with its principal place

of business in Corona, California. *Id.*

> k. Actavis Pharma, Inc. is a Delaware corporation with its principal place of business in New Jersey. *Id.*

21. Likewise, none of the Physician Defendants are citizens of Ohio. Dr. Portenoy is a citizen of New York. *Id.* ¶ 143. Dr. Fine is a citizen of Utah, *id.* ¶ 144, as is Dr. Webster. *Id.* ¶ 146. And Dr. Fishman is a citizen of California. *Id.* ¶ 145.

22. Accordingly, all of the Manufacturer Defendants and Physician Defendants are citizens of a state or foreign state other than Ohio.

## B. The Citizenship of the Distributor Defendants Should Be Disregarded Because They are Not Indispensable Parties and the Claims Against Them Should be Severed

23. Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper if the claims against the non-diverse defendants would otherwise be severable under Federal Rules of Civil Procedure 21. *Joseph v. Baxter Int'l, Inc.*, 614 F. Supp. 2d 868, 870-81 (N.D. Ohio 2009). "In considering whether there is complete diversity, a federal court must look beyond the nominal designation of the parties in the pleadings and should realign the parties according to their real interests in the dispute." *Safeco Ins. Co. v. City of White House, Tenn.* 36 F.3d 540, 545 (6th Cir. 1994).

24. Rule 21 "permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19." *Id.*

25. Federal Rule of Civil Procedure 19 typically requires that all necessary and indispensable parties be joined in a case. Fed. R. Civ. Proc. 19(a). A party is necessary under Rule 19 if: "(1) complete relief cannot be given to existing parties in his absence; (2) disposition

in his absence may impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." *Safeco Ins. Co. of Am.*, 36 F.3d at 546; *see* Fed. R. Civ. Proc. 19(a).  Necessary parties are only indispensable if the court determines "in equity and good conscience" that proceeding in the party's absence would cause undue prejudice.  Fed. R. Civ. 19(b).  To determine whether a party is indispensable, courts weigh Rule 19(b)'s considerations, including the degree of potential prejudice to the plaintiff or the absent party or whether the plaintiff has an adequate remedy if the party at issue is severed as dispensable.  *Id.*  Where, as here, a non-diverse party is not indispensable, the court can sever that party from the action to retain jurisdiction.

26.     The court's holding in *Baxter* is instructive.  There, the plaintiffs, citizens of Louisiana, brought a product liability action against Baxter, the manufacturer of the drug Heparin and a citizen of Delaware and Illinois.   614 F. Supp. 2d at 870.   Before the case was removed, the plaintiffs amended their complaint to add various non-diverse healthcare provider companies as defendants and asserted non-product liability negligence claims against them.  *Id.* at 871.   Despite the addition of these non-diverse defendants, the court denied the plaintiffs' motion to remand finding, *inter alia*, that the healthcare defendants were not necessary or indispensable parties and thus, the claims against them should be severed pursuant to Federal Rule 21.   *Id.* at 872-74.   The court reasoned that the healthcare defendants were "not necessary parties as the resolution of a claim against them would not necessarily resolve the [plaintiffs'] claim against Baxter" because the medical malpractice claims against the healthcare providers "differ from the [plaintiffs'] products liability claim" against the manufacturer.  *Id.* at 872. Furthermore, the healthcare defendants were not indispensable because the plaintiffs "retain[ed] an adequate remedy against the Healthcare Defendants as they can proceed with their claims in

10

state court." *Id.* at 873.

27.     Numerous other courts within this district have followed the same approach as *Baxter* and severed dispensable and unnecessary parties in order to retain diversity jurisdiction. *See, e.g.*, *Phillips v. Knoll Pharm. Co.*, 2003 U.S. Dist. LEXIS 28620, at *13 (N.D. Ohio Sept. 4, 2003); *Williams v. Knoll Pharm. Co.*, 2003 U.S. Dist. LEXIS 28618, at *11-12 (N.D. Ohio July 11, 2003); *Lucas v. Springhill Hosps., Inc.*, 2009 WL 1652155, at *2 (N.D. Ohio June 11, 2009). In particular, courts have emphasized that severance is particularly appropriate in cases like here that include "claims 'involv[ing] different legal standards and different factual allegations.'" *Kelly v. Aultman Physician Ctr.*, 2013 WL 2358583, at *3 (N.D. Ohio May 29, 2013) (quoting *DeGidio v. Centocor, Inc.*, 2009 WL 1867676, at *3 (N.D. Ohio June 29, 2009), *as amended* (N.D. Ohio July 8, 2009)).

28.     In this case, the Distributor Defendants, including Cardinal, are neither necessary nor indispensable parties and thus, their claims are severable pursuant to Federal Rule of Civil Procedure 21.   Analogous to the claims against the manufacturer and the non-diverse healthcare provider defendants in *Baxter*, Plaintiff's claims against the Manufacturer Defendants are separate and distinct from Plaintiff's claims against the Distributor Defendants.   The claims against the Manufacturer Defendants all arise from alleged misrepresentations and omissions regarding the risks of opioid medications that were allegedly contained in the Manufacturer Defendants' opioid marketing and promotional materials.   *See*, *e.g.*, Compl. ¶¶ 28-35, 192-221, 227-236.   In contrast, Plaintiff's claims against the Distributor Defendants do not relate to any allegedly improper marketing or promotional activities; in fact, Plaintiff does not allege that the Distributor Defendants had any involvement with or control over the Manufacturer Defendants' marketing materials.   Instead, Plaintiff's claims against the Distributor Defendants all arise

from allegations that these distributors failed to report suspicious opioid orders to the appropriate authorities and neglected to prevent or reduce the distribution of opioids. *See id.* ¶¶ 115, 119.[6]

29. Thus, Plaintiff's claims against the Manufacturer Defendants and the Distributor Defendants rest on distinct legal theories and separate factual allegations. For that reason, even if the Court were to resolve Plaintiff's claims against the Distributor Defendants, such findings "would not necessarily resolve the [plaintiffs'] claim against" the Manufacturer Defendants and Physician Defendants. *Baxter*, 614 F. Supp. 2d at 872.

30. Furthermore, if the Court were to sever and remand the Distributor Defendants, Plaintiff has an "adequate remedy" because it could pursue claims against these distributors in state court if it so chooses. *Lucas*, 2009 WL 1652155, at *2. Accordingly, the Distributor Defendants are not necessary or indispensable parties to Plaintiff's action against the Manufacturer Defendants and Physician Defendants and their claims are properly severed for diversity jurisdiction purposes.

31. The claims against the Distributor Defendants are also misjoined and should be severed pursuant to Rule 21 because they do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the claims against the manufacturer and physician Defendants. Fed. R. Civ. P. 20(a)(1)(A). Severing misjoined claims under Rule 21 is appropriate where, as here, "the factual scenarios underlying each incident are different, the times are different, and the people involved are different." *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 543 (N.D. Ill. 1998) (footnote omitted)). As discussed above, Plaintiff's claims, legal theories, and factual allegations against the Distributor Defendants are entirely

---

[6] The Manufacturer Defendants reserve their right to move to sever the claims against the Physicians Defendants. The Court need not address that issue at this time as all of the physician defendants are diverse.

different than the claims against the manufacturing defendants.  *Supra* ¶¶ 2, 3.  Specifically, Plaintiff alleges that its litany of injuries arose from the Manufacturer Defendants' allegedly improper marketing of opioid products and these defendants' failure to adequately convey information about the safety and risks of opioids in such promotional materials.  Compl. ¶¶ 28-35, 192-221, 227-236.  By contrast, Plaintiff's claims against the Distributor Defendants are unrelated to any promotional or marketing activities and instead focus on the Distributor Defendants' alleged duties to act in certain ways when distributing opioids and reporting purportedly suspicious orders to various authorities.  Compl. ¶¶ 115, 119.  Given that the claims against the two defendant groups involve different underlying conduct, facts, actors, and legal theories, these two sets of claims cannot properly be joined together and severing the claims is warranted.

### C. The Distributor Defendants Are Also Fraudulently Misjoined Because There Is No Plausible Basis for Including the Claims Against Them in the Same Lawsuit As the Claims Against the Manufacturer Defendants

32.     Not only should the claims against the Distributor Defendants be severed, but the citizenship of the Distributor Defendants should also be disregarded because the claims against them are fraudulently misjoined in this action.   "Fraudulent misjoinder occurs when a plaintiff attempts to defeat removal by misjoining the unrelated claims of non-diverse party plaintiffs against a defendant, or . . . by misjoining the unrelated claims of a plaintiff against non-diverse party defendants."  *Baxter*, 614 F. Supp. 2d at 874 (internal quotation marks and citation omitted); *see Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on another ground in Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).   As explained above, Plaintiff's claims against the Manufacturer Defendants are separate and distinct from Plaintiff's claims against the Distributor Defendants, including Cardinal.   The most

plausible conclusion for their inclusion in this lawsuit is to defeat diversity.

33.     Indeed, in opioid-related cases like this one, a federal district court recently applied the fraudulent misjoinder doctrine to deny a motion to remand the action to state court. *See Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, 2017 WL 2843614, at *5 (S.D. W. Va. July 3, 2017); *City of Huntington v. AmerisourceBergen Drug Corp.*, 2017 WL 3317300, at *4-5 (S.D. W. Va. Aug. 3, 2017).   In *McKesson Corp.*, the plaintiff filed suit in state court against diverse distributors of opioid products for allegedly "flood[ing] [a West Virginia] County with opioids well beyond what was necessary to address pain and other [legitimate] reasons," and also against a non-diverse doctor for allegedly "provid[ing] written opioid prescriptions for patients, knowing that the drugs were likely to be abused, diverted or misused." 2017 WL 2843614 at *1. Denying plaintiff's remand motion, the court held that "plaintiff's claims against the [distributors] and the claims against [the doctor]" lacked "common questions of law or fact," were "separate and distinct," and did not defeat diversity.   *Id.* at *5; *see also id.* at *4 (agreeing that "the claims against [the doctor] arise out of different transactions, involve different evidence, and rest on different legal theories than the claims against the [distributor defendants]").   In *AmerisourceBergen Drug Corporation*, the court reached the same conclusion for substantially the same reasons.   2017 WL 3317300, at *5 (claims against diverse and non-diverse defendants were "separate and distinct").[7]

34.     So, too, here.   Plaintiff's claims against the Manufacturer Defendants and its

---

[7]     Though the Sixth Circuit has not specifically adopted the fraudulent misjoinder doctrine, and certain judges in the Northern District of Ohio have declined to apply the doctrine, *Baxter*, 614 F. Supp. 2d at 874; *Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865, 871 (N.D. Ohio 2008); *Rodriguez v. Tyco Healthcare Grp., LP*, 2008 WL 4683294, at *2 (N.D. Ohio Oct. 21, 2008), the doctrine has been applied within the Sixth Circuit and by other federal courts.   *Asher v. Minn. Mining and Mfg. Co.*, 2005 WL 1593941, at *7 (E.D. Ky. June 30, 2005) (adopting fraudulent misjoinder doctrine and articulating a standard that requires no "reasonable basis for finding the Plaintiff's claims were properly joined"); *see also Tapscott*, 77 F.3d at 1360.

claims against the Distributor Defendants lack any *bona fide* common question of law or fact. Thus, there is complete diversity of citizenship because Plaintiff is an Ohio citizen and none of the properly joined defendants are Ohio citizens. *See* 28 U.S.C. § 1332(a).

## III.  ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

35.     Purdue has satisfied all of the procedural requirements for removal under 28 U.S.C. § 1446 and Northern District of Ohio Local Rule 3.13.

36.     Upon information and belief, Purdue was served with the Summons and Complaint in this action on or about September 19, 2017.   This action is being removed within 30 days of service on Purdue.   Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

37.     This is the appropriate Court for removal because the state court in which the action was commenced, Court of Common Pleas for Richland County, Ohio, is located within the Northern District of Ohio.   28 U.S.C. § 1446(a).

38.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Purdue in this action, including the Complaint, are attached as Exhibit 1.

39.     The requirements that no Defendant properly joined and served is a citizen of the State in which this action was brought and that all Defendants consent to removal do not apply with regard to removals effected under CAFA.   *See* 28 U.S.C. § 1453(b).

40.     In any event, for purposes of removal for complete diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served have consented to removal as indicated by their signing below.   *See City of*

*Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496, 501 (6th Cir. 2010) (co-defendants may consent to removal by filing a written consent).[8]

41.     In accordance with 28 U.S.C. § 1446(d), Purdue is promptly notifying Plaintiff in writing that this case has been removed to this Court pursuant to this Notice of Removal. Purdue is filing, contemporaneously with the filing of this Notice of Removal, a copy of such notification with the Clerk of the Court of Common Pleas for Richland County, Ohio.

42.     Purdue reserves any and all rights to assert any and all defenses and/or objections to the Complaint. Purdue further reserves the right to amend or supplement this Notice of Removal.

43.     If any questions arise as to the propriety of the removal of this action, Purdue requests the opportunity to present briefing, argument, and further evidence necessary to demonstrate that this case is removable.

## IV.     CONCLUSION

WHEREFORE, Purdue hereby removes this action from the Court of Common Pleas, Richland County, to the United States District Court for the Northern District of Ohio.

DATED:   October 16, 2017            */s/ Daniel J. Buckley*
                                     Daniel J. Buckley, 0003772, Trial Attorney
                                     VORYS, SATER, SEYMOUR AND PEASE
                                     East Fourth Street
                                     Suite 3500, Great American Tower
                                     Cincinnati, Ohio 45202
                                     Tel: 513.723.4000
                                     Fax: 513.723.4056

---

[8]     Allergan plc has not been properly served with process in this action. Accordingly, Allergan plc joins only for purposes of consenting to removal, and it expressly reserves all defenses related to personal jurisdiction and service of process. Dr. Fine also was not properly served with process in this action. Accordingly, Dr. Fine also joins only for purposes of consenting to removal, and he expressly reserves all defenses related to personal jurisdiction and service of process.

djbuckley@vorys.com

Sheila Birnbaum (pro hac application forthcoming)
Mark S. Cheffo (pro hac application forthcoming)
Hayden A. Coleman (pro hac application forthcoming)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

Patrick J. Fitzgerald (pro hac application forthcoming)
R. Ryan Stoll (pro hac application forthcoming)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive, Suite 2700
Chicago, Illinois 60606
Tel: (312) 407-0700
Fax: 312-407-0411

*Attorneys for Purdue Pharma, LP, Purdue Pharma Inc.,
and The Purdue Frederick Company*

**WRITTEN CONSENT OF OTHER PROPERLY
JOINED DEFENDANTS**

Consent to removal on behalf of ENDO HEALTH
SOLUTIONS INC. and ENDO PHARMACEUTICALS
INC.

/s/ Tera N. Coleman
Carole S. Rendon (0070345)
Tera N. Coleman (0090544)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
(216) 696-0740
crendon@bakerlaw.com
tcoleman@bakerlaw.com

Ingo W. Sprie, Jr.*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
Ingo.Sprie@apks.com

Sean Morris*
ARNOLD & PORTER KAYE SCHOLER LLP

17

777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@apks.com
*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC., and JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, Inc.
(Appearance by local counsel pending):

/s/ Charles C. Lifland
Charles C. Lifland*
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com
ckubota@omm.com
*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants TEVA PHARMACEUTICALS USA, INC., CEPHALON, INC., WATSON LABORATORIES, INC., ACTAVIS LLC, AND ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC.

/s/ Jason J. Blake
Albert J. Lucas, Trial Attorney (0007676)
Jason J. Blake (0087692)
CALFEE, HALTER & GRISWOLD LLP
1200 Huntington Center
41 South High Street
Columbus, OH 43215
(614) 621-1500
alucas@calfee.com
jblake@calfee.com

Georgia Yanchar (0071458)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
(216) 622-8200
gyanchar@calfee.com

18

Steven A. Reed, *pro hac vice* forthcoming
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
(215) 963-5603
steven.reed@morganlewis.com

Tinos Diamantatos, *pro hac vice* forthcoming
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601-5094
(312) 324-1000
tinos.diamantatos@morganlewis.com


Consent to removal on behalf of Defendants
ALLERGAN PLC (F/K/A ACTAVIS PLC) AND
ACTAVIS, INC. (N/K/A ALLERGAN FINANCE, LLC
F/K/A WATSON PHARMACEUTICALS, INC.)

/s/ Stacey A. Greenwell
John R. Mitchell (#0066759)
Stacey A. Greenwell (#0077909)
Andrea B. Daloia (#0074106)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Telephone: 216-556-5500
Facsimile: 216-556-5800
John.Mitchell@ThompsonHine.com
Stacey.Greenwell@ThompsonHine.com
Andrea.Daloia@ThompsonHine.com

Donna Welch, P.C. (*pro hac vice* motion to be submitted)
Martin L. Roth (*pro hac vice* motion to be submitted)
Timothy Knapp (*pro hac vice* motion to be submitted)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000
donna.welch@kirkland.com
martin.roth@kirkland.com
timothy.knapp@kirkland.com

Jennifer G. Levy, P.C. (*pro hac vice* motion to be submitted)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
(202) 879-5000
jennifer.levy@kirkland.com

Consent to removal on behalf of Defendant
RUSSELL PORTENOY:

/s/ Jordan D. Rauch
O. Judson Scheaf, III (0040285)
Jordan D. Rauch (0093389)
HAHN LOESER & PARKS LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215
(614) 233-5190
JScheaf@hahnlaw.com
JRauch@hahnlaw.com


Consent to removal on behalf of Defendants
PERRY FINE, M.D., SCOTT FISHMAN, M.D., and
LYNN WEBSTER, M.D.:


*/s/ Tyler Tarney*
Gregory Brunton (0061722) (Trial Attorney)
Tyler Tarney (0089082)
Daniel Hyzak(0091298)
Bruce Moore (0093334)
GORDON & REES LLP
41 South High Street, Suite 240
Columbus, Ohio 43215
(614) 340-5558
gbrunton@grsm.com
dhyzak@grsm.com
ttarney@grsm.com
bmoore@grsm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of October, 2017, a copy of the foregoing *Notice of Removal*, with exhibits, was served via e-mail and by United States first-class mail, postage prepaid, to the following counsel of record:

John R. Climaco
CLIMACO, WILCOX,
PECA & GAROFOLI, C.O., L.P.A.
55 Public Square, Suite 1950
Cleveland, Ohio 44113
Telephone: (216) 621-8484
Facsimile: (216) 771-1632

Scott Kalish
KALISH LAW LLC
1468 W. 9th Street, #405
Cleveland, Ohio 44113
Telephone: (216) 502-0570

Patrick G. Warner
Darrin C. Leist
LEIST WARNER LLC
513 East Rich Street, Suite 201
Columbus, Ohio 43215
Telephone: (614) 222-1000
Facsimile: (614) 222-0890

Paul J. Napoli
Joseph L. Ciaccio
Salvatore C. Badala
NAPOLI SHKOLNIK, PLLC
400 Broadhollow Road - Suite 350
Melville, New York 11747

*/s/ Daniel J. Buckley*
Daniel J. Buckley